UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TRIBAL COURT SERVS.,<br><br>   Plaintiff,<br>   v.<br><br>ANTONIO MOLINAR,<br><br>   Defendant.<br>_____/ | No. C 14-04167 LB<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND (2) DIRECTING DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT, AND (3) DIRECTING PLAINTIFF TO SERVE DEFENDANT WITH A COPY OF THIS ORDER** |

Plaintiff Tribal Court Services ("TCS") filed a complaint against Defendant Antonio Molinar (who currently is an inmate at San Quentin State Prison) on September 16, 2014, and he was served with it on October 7, 2014. (Complaint, ECF No. 1; 10/14/2014 Proof of Service, ECF No. 8; *see also* 9/24/2014 Proof of Service, ECF No. 7.[1]) The next day, on October 8, 2014, Mr. Molinar drafted a "Declaration in Opposition to Plaintiff's Motion for Summary Judgment," which was filed on October 16, 2014. (Molinar Declaration, ECF No. 10.) In his declaration, Mr. Molinar argues that TCS is not entitled to summary judgment because there are genuine issues of material fact to be resolved. (*Id.* at 1.) He then goes on to describe the facts he believes are disputed. (*Id.* at 2-3.)

About three weeks later, on November 11, 2014, TCS filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a)(2). (Motion, ECF No. 11.) In short, TCS asks the

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C 14-04167 LB
ORDER

1  court to construe Mr. Molinar's declaration as an answer to the complaint, to find that Mr. Molinar
2  failed to deny TCS's third claim and parts of its fourth claim, and to enter judgment in its favor on
3  those claims.

4  The court will not do that. As an initial matter, TCS's motion is procedurally improper. Rule
5  50(a)(1) provides: "If a party has been fully heard on an issue during a jury trial and the court finds
6  that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on
7  that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for
8  judgment as a matter of law against the party on a claim or defense that, under the controlling law,
9  can be maintained or defeated only with a favorable finding on that issue." Rule 50(a)(2), which
10 TCS moves under, provides: "A motion for judgment as a matter of law may be made at any time
11 before the case is submitted to the jury. The motion must specify the judgment sought and the law
12 and facts that entitle the movant to the judgment." The text of this rule states that a motion for
13 judgment as a matter of law may be made during trial only, not at the pleading stage as TCS has
14 made it. *See also* Jones, Rosen, Wegner & Jones, Cal. Prac. Guide: Fed. Civ. Trials and Evidence
15 §§ 13:10-13:16 (The Rutter Group 2014) (discussing when, during trial, a party may choose to move
16 for judgment as a matter of law); Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro.
17 before Trial § 25-25.1 (The Rutter Group 2014) (comparing a motion for summary judgment, which
18 is made before trial, to a motion for judgment as matter of law, which is made during trial). This is
19 further made clear when one realizes that Rule 50 appears in Title VI of the Federal Rule of Civil
20 Procedure, which is designated "Trials." Accordingly, TCS's motion for judgment as a matter of
21 law under Rule 50 is **DENIED**.[2]

22 It appears what TCS actually wants to do is move for judgment on the pleadings under Rule
23 12(c). That Rule provides that "[a]fter the pleadings are closed—but early enough not to delay
24 trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also* Schwarzer,
25 Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. before Trial § 25-25.1 (The Rutter Group

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the December 18, 2014 hearing. All parties have consented to the undersigned's jurisdiction. (TCS Consent, ECF No. 3; Mr. Molinar Consent, ECF No. 9.)

C 14-04167 LB
ORDER                                           2

1  2014) ("[A] Rule 12(c) motion challenges the legal sufficiency of the opposing party's *pleadings*.")
2  (emphasis in original). TCS, of course, did not move under this Rule.

3  Even if it had, such a motion is not appropriate here because the pleadings are not closed. True,
4  TCS asks the court to construe Mr. Molinar's declaration as an answer—thereby closing the
5  pleadings—but under the circumstances, the court declines to do so. As Mr. Molinar is proceeding
6  pro se, he may be unfamiliar with the procedural rules that apply in federal court. (Lawyers
7  sometimes are, too.) Thus, he may not have been aware that his declaration could be construed as
8  something he did not intend it to be. More importantly, though, his declaration does not resemble a
9  traditional answer. Although it does sort of generally deny TCS's allegations, it does not do so in a
10 way that would make it fair for the court to construe his silence about TCS's third claim or part of
11 TCS's fourth claim as an admission of them.

12 This can be fixed, though. To clear up the record and make sure that everything is in place so
13 that the parties can proceed in a procedurally proper way, the court **ORDERS** Mr. Molinar to file an
14 answer or otherwise respond to TCS's complaint <u>within 21 days of being served with this order</u>. To
15 help explain how to do this, the court attaches to this order a copy of the district court's *Handbook*
16 *for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your
17 case, including discovery, motions, and trial. The court further **ORDERS** TCS to serve Mr. Molinar
18 with this order (and the attached handbook), and to file a proof of such service, within 14 days from
19 the date of this order.

20 **IT IS SO ORDERED.**

21 Dated: November 20, 2014

22  _____
    LAUREL BEELER
    United States Magistrate Judge