UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TRIBAL COURT SERVS., | No. C 14-04167 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| v. | |
| ANTONIO MOLINAR, | |
| Defendant. | |

_____/

Plaintiff Tribal Court Services ("TCS") filed a complaint against Defendant Antonio Molinar (who currently is an inmate at San Quentin State Prison) on September 16, 2014, and he was served with it on October 7, 2014. (Complaint, ECF No. 1; 10/14/2014 Proof of Service, ECF No. 8; *see also* 9/24/2014 Proof of Service, ECF No. 7.[1]) On December 10, 2014, after he retained counsel, Mr. Molinar filed his answer. (Answer, ECF No. 16.)

On December 22, 2014, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, TCS filed a motion titled "Motion to Dismiss Without Prejudice to Pursue Contractual Arbitration." (Motion, ECF No. 17.) The proposed order TCS filed asks the Court to order the "Clerk of the Court shall enter the Dismissal without prejudice of this action. The Court retains no further jurisdiction. The Clerk is instructed to close the file." (Proposed Order, ECF No. 17-2.) Mr.

_____

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C 14-04167 LB
ORDER

1  Molinar, after missing the deadline to timely oppose TCS's motion, filed a motion titled
2  "Defendant's Ex Parte Motion to Extend Time for Response to and Hearing on Plaintiff's Motion
3  for Dismissal Without Prejudice to Pursue Contractual Arbitration . . . ." (Motion, ECF No. 19.[2])
4  Mr. Molinar's motion requested "that the hearing date and its corresponding response be continued
5  for a minimum of 30 days . . . ." (*Id*.)  This suggested that Mr. Molinar may believe TCS's motion
6  also asked the Court to compel arbitration, which it does not. (*See* Motion, ECF No. 17 at 1;
7  Proposed Order, ECF No. 17-2.)

8      To clear up the confusion, the Court ordered the parties to meet and confer about the issue and
9  then to file a status update. (Order, ECF No. 21.) The parties corresponded via email and filed
10 separate status reports on January 23, 2015. (TCS's Status Report, ECF No. 22; Mr. Molinar's
11 Status Report, ECF No. 23.) TCS clarified in its status report that it "merely asks the Court,
12 pursuant to Rule 41(a)(2), to enter a Dismissal without prejudice in this case." (TCS's Status
13 Report, ECF No. 22.) TCS further clarified that "it is not seeking an order compelling arbitration in
14 the Motion before this Court." (*Id.*)

15     The Ninth Circuit has held that "[a] district court should grant a motion for voluntary dismissal
16 under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a
17 result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828
18 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143,
19 145–46 (9th Cir. 1982)). Mr. Molinar has not met his burden.

20     In both his motion to extend time and his status report, Mr. Molinar fails to mention the legal
21 standard under Rule 41 or argue that he will be prejudiced if the court grants TCS's motion. Instead,
22 he argues that TCS's claims against him are meritless and that the arbitration agreement mentioned
23 by TCS is fraudulent, and he says he will ask the court to enjoin TCS from compelling him to
24 arbitrate. As TCS points out, however, the merits of TCS's claims are not at issue right now; the

---

[2] Because the court considers below Mr. Molinar's statements and arguments in his motion and status report and finds his position to be unsupported, the court does not believe that additional argument from him is necessary. The court therefore denies his "Ex Parte Motion to Extend Time for Response to and Hearing on Plaintiff's Motion for Dismissal Without Prejudice to Pursue Contractual Arbitration . . . ." (*See* Motion, ECF No. 19.)

C 14-04167 LB
ORDER      2

motion before the court asks it to allow TCS to voluntarily dismiss its claims, not to determine whether the claims have merit.  And to the extent that Mr. Molinar wants the court to determine whether the arbitration agreement is valid or enjoin TCS from seeking to enforce that agreement, his request is inappropriate at this time.  TCS does not ask the court to compel Mr. Molinar to arbitrate, and there is nothing in the record to suggest that it has even instituted arbitration proceedings.  In other words, there is nothing for the court to enjoin, and Mr. Molinar cannot be said to face imminent, irreparable harm.  TCS's apparent desire to institute arbitration proceedings does not constitute legal prejudice.  If and when TCS institutes arbitration proceedings, Mr. Molinar may challenge them at that time and in the proper venue for doing so.

Accordingly, the court grants TCS's motion under Rule 41(a)(2) and dismisses without prejudice this action.  The Clerk of the Court shall close the file.[3]

**IT IS SO ORDERED.**

Dated: January 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the February 5, 2015 hearing.